# THE WOLF LAW FIRM LLC

**Andrew R. Wolf**
*Member, NJ Bar*

**Henry P. Wolfe**
*Member, NJ, NY, MI Bars*

**Daniel I. Rubin**
*Member, NJ, PA Bars*

**Of Counsel**

**Elliot M. Gardner**
*Member, NJ, NY Bars*

**Ben A. Kaplan**
*Member, NJ, NY, DC Bars*

**Charles N. Miller**
*Member, NJ Bar (ret.)*

*1520 U.S. Highway 130, Suite 101, North Brunswick, New Jersey 08902*
**TEL:** (732) 545-7900 • **EMAIL:** info@wolflawfirm.net • **FAX:** (732) 545-1030

WWW.WOLFLAWFIRM.NET

October 10, 2012

The Honorable Stanley R. Chesler
United States District Judge
M.L. King Jr. Federal Bldg. & Courthouse
50 Walnut Street
Newark, NJ 07102

Re: *Saratoga v. Par Pharmaceutical Companies, Inc., et al.,*
Case No. 2:12-cv-05652-SRC-CLW

Dear Judge Chesler:

We represent plaintiff Saratoga Advantage Trust Health & Biotechnology Portfolio ("Saratoga"), a significant institutional Plaintiff, in the above-captioned matter. We write to inform the Court of Saratoga's objection to the letter dated October 4, 2012 provided by counsel for "all defendants" and "plaintiff Robert Duval" in the related case *Duvall v. Par Pharmaceutical Companies, Inc., et. al.*, No. 2:12-cv-5109 (SRC) (CLW) ("*Duvall*"), Dkt # 43.

The above referenced letter informed the Court that the parties to a related action pending in the Delaware Chancery Court have entered into a binding memorandum of understanding (the "MOU"), and that a definitive settlement agreement would be forthcoming that would "certif[y] a global settlement class of all Par shareholders." The letter suggests that Defendants' and the *Duvall* Plaintiffs' believe that the "hearing scheduled for [Wednesday October 10, 2012] be adjourned …"

No information is provided in the letter identifying the benefit accruing to the classes pled in *Duvall* and *Saratoga,* if any, from cooperating with a Delaware state venue to produce a "global settlement" that *inter alia* disregards this Court's **exclusive** federal jurisdiction over the Securities and Exchange Act claims pled herein.

Saratoga thus notifies the Court that despite *Duvall* counsel having notice of Saratoga's lawsuit *via* a Notice of Related Case and discussion among counsel, Saratoga only learned of the above issues after its counsel reviewed the *Duvall* docket. Neither the referenced October 4th letter (*Duvall* Dkt # 43), a September 15, 2012 letter (*Duvall* Dkt # 39), the "binding MOU", or any other explanation or notice with regard to the events in, or relating to, the October 4th letter was disclosed by *Duvall* counsel with counsel for Saratoga.

Absent facts or law in addition to those surmised by reference to the *Duvall* docket, Saratoga objects as follows to Plaintiff Duvall's suggestion that the Court sit idle while settlement proceeds in the Delaware Chancery Court:

1.	Defendants request that this Court not hear pending or anticipated motions in deference to consideration of comity and instead have future case activity proceed in Delaware. Doing so would effectively cede jurisdiction to the state court while literally and/or constructively adopting the abstention doctrine of Colorado River. *Colo. Riv. Water Conservation District v. U.S.*, 424 U.S. 800 (1976). The doctrine, however, does not degrade the basic maxim that a federal court has a virtually unflagging obligation to exercise the jurisdiction given to it. *Trent v. Dial Medical of Florida, Inc.*, 33 F.3d 217, 223 (1994) (overruled in part on other grounds). In fact, district Courts' discretion to abstain from hearing a case that does not satisfy abstention standards is almost non-existent. *United Services Auto Ass'n v. Muir*, 792 F.2d 356 (3d Cir. 1986).

2.	Defendants cannot satisfy the first requirement of *Colorado River* - parallel proceedings pending – given the Third Circuit's holding that "there can be no basis for abstaining if the state court to which the federal court defers lacks jurisdiction over the claim." *University of Maryland v. Peat Marwick Main & Co*, 923 F.2d 265, 276 n.16 (3d Cir. 1991). In the Saratoga action, this Court has **exclusive** federal jurisdiction over Saratoga's Section 14(a) and 20(a) claims. *See* 15 U.S.C. §78aa; *Harrison v. XTO Energy, Inc*., 705 F.Supp.2d 572, 577 (N.D. Tex. 2010) (rejecting argument that similarity between Delaware law breach of fiduciary duty claims and Exchange Act claims makes abstention appropriate). *Duvall* counsel accordingly are moving to dismiss the Securities Act claims – now or hereafter – without acknowledging that fact or the potential benefit of these putative claims. The Delaware Supreme Court recognizes that Plaintiff Saratoga's claims under Section 14(a) and 20(a) of the Securities and Exchange Act and Rule 14a-9 promulgated thereunder, are not the same as Delaware fiduciary law concerning questions of disclosure. *Loudon v. Archer–Daniels–Midland Co.,* 700 A.2d 135, 141 n. 18 (Del. 1997).

There are accordingly significant areas of inquiry that must be satisfied prior to this Court accepting the referenced letter at face value. Given current information, it would seemingly frustrate the carefully planned sequence of litigation planned by Saratoga and prejudice other shareholders. If economy of litigation activities are in fact the motivating interest, Saratoga would advocate that consolidation is clearly appropriate before this Court.

We accordingly request that the October 4, 2012 letter by counsel for the parties be disregarded until the benefit that Saratoga brings to the putative shareholder class can be suitably assessed by this Court while exercising its federal jurisdiction.

          Respectfully submitted,

          s/ *Andrew R. Wolf*
          Andrew R. Wolf, Esq.

Cc:	Christopher Barrett, Esq.
      John T. Whipple, Esq.
      Mark S. Reich, Esq.
      Michael S. Stein, Esq.
      Sean James Mack, Esq.
      Andrew W. Schwartz, Esq.
      *Counsel for Plaintiff Robert Duvall*

      Jeffrey J. Greenbaum, Esq.
      Andrew S. Schwartz, Esq.
      *Counsel for the Par Defendants*

      Adam Marc Saltzman, Esq.
      *Counsel for TPG Capital and Sky Growth Defendants*